United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff,<br><br>v.<br><br>Reinelio Renteria Tenorio,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 18-20440-Cr-Scola<br>)<br>)<br>) |

### Order Denying Motion for Sentence Reduction

    This matter is before the Court on the Defendant Reinelio Renteria Tenorio's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 78.) Mr. Renteria Tenorio seeks a sentence reduction based upon the sentencing guidelines "adjustment for certain Zero-point offenders." Mr. Renteria Tenorio submitted another motion for a sentence reduction on this same basis in September 2023. (ECF No. 69.) That motion was denied. (ECF No. 70.) Since that time, nothing has happened that would change the Court's decision. The Government opposes Mr. Renteria Tenorio's motion. (ECF No. 80.) After considering the motion, the relevant case law and statutes, and the procedural history of the case, the Court **denies** Mr. Renteria Tenorio's motion. (**Mot., ECF No. 78.**)

    "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

    First, the Court must determine if a retroactive amendment to the Sentencing

Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Mr. Renteria Tenorio's original sentencing guidelines range was 135 to 168 months with a minimum mandatory term of 120 months. The Court varied below the sentencing guidelines range and sentenced the Defendant to the minimum mandatory 120 months. Application of the zero-point offender reduction would not change the Defendant's sentence. Accordingly, the Court has no legal authority to impose a sentence of less than 120 months. Mr. Renteria Tenorio's motion for reduction of sentence is **denied**. (**Mot., ECF No. 78.**)

**Done and ordered** at Miami, Florida on February 15, 2024.

Robert N. Scola, Jr.
United States District Judge