United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff,<br><br>v.<br><br>Reinelio Renteria Tenorio,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 18-20440-Cr-Scola<br>)<br>)<br>) |

### Third Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Reinelio Renteria Tenorio's third pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 87.) Tenorio seeks a sentence reduction based upon the sentencing guidelines "adjustment for certain zero-point offenders." Tenorio has previously submitted two other motions for a sentence reduction on this same basis, in September 2023 and January 2024. (ECF Nos. 69, 78.) Those motions were both denied. (ECF Nos. 70, 81.) Since that time, nothing has happened that would change the Court's decision. The Government once again opposes Tenorio's motion. (ECF No. 88.) After considering the motion, the relevant case law and statutes, and the procedural history of the case, the Court **denies** Tenorio's motion. (**ECF No. 87**.)

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the

Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

As the Court has previously explained, Tenorio's original sentencing guidelines range was 135 to 168 months with a minimum mandatory term of 120 months. The Court varied below the sentencing guidelines range and sentenced the Defendant to the minimum mandatory: 120 months. Application of the zero-point offender reduction would not change Tenorio's sentence. Accordingly, the Court has no legal authority to impose a sentence of less than 120 months. Tenorio's motion for reduction of sentence is thus, once again, **denied**. (**ECF No. 87.**)

**Done and ordered** at Miami, Florida on November 20, 2024.

_____
Robert N. Scola, Jr.
United States District Judge